# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TARLTON, | CASE NO. 1:06-CV-00260 OWW SMS P |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| AVENAL STATE PRISON, | |
| Defendant. | |

Plaintiff James Tarlton ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 15, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1] 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

---

[1] Although plaintiff is no longer incarcerated, he was a prisoner at the time he filed suit.

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

   B.   Plaintiff's Claim

The event at issue in this action allegedly occurred at Avenal State Prison, where plaintiff was incarcerated at the time. Plaintiff names Avenal State Prison as a defendant, and is seeking money damages. In his complaint, plaintiff alleges that he injured his bottom and lower back while moving an electric forklift in the freezer at Avenal.

      1.   Avenal State Prison as a Defendant

The only defendant named in this action is Avenal State Prison. Plaintiff may not sustain an action against a state prison. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114,

1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because Avenal State Prison is a part of the California Department of Corrections, which is a state agency, it is entitled to Eleventh Amendment immunity from suit.

      2.  Unconstitutional Conditions of Confinement

  Assuming plaintiff is able to cure the aforementioned deficiency and name one or more individuals as defendants rather than a state agency, plaintiff's allegation that he hurt himself while moving a forklift is insufficient to support a claim that plaintiff's constitutional rights were violated. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ."[2] Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations

---

[2] Although plaintiff asserts in his complaint that his rights under the Due Process Clause of the Fourteenth Amendment were violated, the only facts set forth by plaintiff in the complaint-that he was injured moving a forklift- implicate plaintiff's rights under the Eighth Amendment rather than the Fourteenth Amendment.

3

1  denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis
2  of an Eighth Amendment violation." Id. (quotations and citations omitted).

3       Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison
4  officials may be held liable only if they acted with "deliberate indifference to a substantial risk of
5  serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference
6  standard involves an objective and a subjective prong. First, the alleged deprivation must be, in
7  objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing
8  Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and
9  disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a
10 prison official may be held liable under the Eighth Amendment for denying humane conditions of
11 confinement only if he knows that inmates face a substantial risk of harm and disregards that risk
12 by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability
13 by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a
14 reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of
15 the prison official is not sufficient to establish liability, but rather, the official's conduct must have
16 been wanton. Id. at 835; Frost, 152 F.3d at 1128.

17      Plaintiff's allegation that he hurt himself fall well short of supporting a claim under section
18 1983 that prison officials acted with deliberate indifference to an excessive risk of harm to his
19 personal safety. As set forth below, plaintiff will be provided with the opportunity to file an
20 amended complaint.

21     C.    Conclusion

22     The court finds that plaintiff's complaint does not state a claim upon which relief may be
23 granted under section 1983. The court will provide plaintiff with the opportunity to file an amended
24 complaint curing the deficiencies identified by the court in this order.

25      Plaintiff is informed he must demonstrate in his complaint how the conditions complained
26 of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d
27 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is
28 involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983;

2. The Clerk's Office shall send plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   August 22, 2006**              /s/ Sandra M. Snyder
icido3                                           UNITED STATES MAGISTRATE JUDGE